

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00330-CR

Whitney Chennell **CARAWAY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2024-CR-0984
Honorable Benjamin Robertson, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:    Irene Rios, Justice
Lori Massey Brissette, Justice
H. Todd McCray, Justice

Delivered and Filed: July 15, 2026

AFFIRMED

On May 22, 2023, Appellant and Amanda Newton, now deceased, engaged in a fist fight. When they first approached one another, Appellant revealed a crowbar and Newton brandished a gun. Newton's friend took the gun from her and walked away. Appellant asked another friend to check Newton's pockets to make sure she was unarmed and then taunted her to "run up on" her. Newton obliged and the fist fight ensued. But, after a very brief fight, Newton began to bleed and

ended up dying of a stab wound to her neck. The jury found Appellant guilty of murder and she was sentenced to twenty-five years imprisonment.

Appellant asserts the only issue on appeal is whether the evidence was sufficient to support a murder conviction "where the Appellant carried no weapon, showed no intent to kill, and the sole impartial witness testified the altercation was a fist fight with no weapon used." But in presenting her appellate issue, Appellant assumes the record demonstrates that she "carried no weapon." Because we disagree and because we find the evidence is sufficient to support the conviction, we affirm.

### STANDARD OF REVIEW

When reviewing the sufficiency of the evidence, we determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Witcher v. State*, 678 S.W.3d 707, 709-10 (Tex. Crim. App. 2022). It is the responsibility of the jury, not this court, to determine the witnesses' credibility, weigh the evidence, resolve conflicts, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017); TEX. CODE CRIM. PROC. art. 38.04. When determining whether an inference is reasonable, we look to the cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018). We will presume that the jury resolved any conflicts in favor of the verdict. *Id.*

We measure the evidence by the elements of the offense as defined by the hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Here, a person commits the offense of murder if she (1) intentionally or knowingly causes the death of an individual; or (2) intends to cause serious bodily injury and commits an act clearly dangerous to

human life that causes the death of an individual. TEX. PEN. CODE § 19.02(b)(1), (2). "Serious bodily injury" means "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX. PEN. CODE § 1.07(a)(46).

Direct evidence of a culpable mental state is not required and is often not available. *Hooper v. State*, 214 S.W.3d 9, 14 (Tex. Crim. App. 2007). It is often inferred from the circumstances. *Romano v. State*, 610 S.W.3d 30, 35 (Tex. Crim. App. 2020).

## ANALYSIS

The evidence at trial established Appellant made sure Newton was unarmed before taunting her to attack. Jade Gonzalez, Newton's friend who took her gun and walked away, returned to the scene after hearing Newton screaming. She saw Newton fall down and took her own shirt off to cover the puncture wound. She testified it appeared she had been "stabbed in the neck." The autopsy report showed Newton suffered eleven sharp force injuries and that the wound on her neck was fatal. Appellant admitted to Detective Raul Juarez that she fought back with a knife. Not only did the detective testify to Appellant's statement in that regard, but the jury heard a recording of the conversation in which she stated she had a knife during the fight and would bring it to the detective.

Based on this evidence, including the fact that Appellant made sure Newton was unarmed while keeping a knife in her own hand and the repeated nature of the multiple stabbings, the jury could have reasonably inferred that Appellant knowingly caused Newton's death or intended to cause serious bodily injury. For that reason, we affirm the trial court's conviction.

Lori Massey Brissette, Justice

DO NOT PUBLISH